Burket, J.
The plaintiff in error relies on four alleged errors for the reversal of the judgments; only one of which is deemed worthy of notice here.
It is claimed that the court erred in allowing plaintiffs below to introduce the copy of the lease of October 1, 1887, to the jury as evidence to support their title.
The copy of the lease was duly certified by the president of the board of public works, under the seal of the board, and the objection is based upon the mistaken notion, that there is no statute, authorizing such leases to be deposited or recorded in the office of the board of public works.
Section two of the act of February 8, 1847, now section 7675-2, Revised Statutes, provides:
“That all leases deposited in the office of the board of public works, in which the state is interested, shall be recorded in suitable books to be provided for that purpose.”
Sections 7659 and 7775, authorize the board of public works to lease the surplus water of the canals and state *666 lands connected therewith; and there being no requirement or authority for the deposit of the leases elsewhere, and the president of the board being required by section 7659, to furnish to the auditor of state attested copies of all such leases, and being also required to furnish attested copies of such leases to that collector of tolls whose duty it is to collect the tolls provided for in the lease, it follows that such leases must necessarily remain on deposit in the office of the board of public works. And being deposited in the office of the board, they are required to be recorded'in the record of the board kept for that purpose.
The certificate of the president of the board, attached to the copy of the lease in question, shows that the copy is from the original lease on file in the office of the board, and recorded in the record of the board.
Such a copy is clearly within the provisions of section 5245, Revised Statutes, and is competent evidence.
Another and further objection is made to the competency of this lease as evidence, based on the ground that the officer who signed the lease, on the part of the state, did not also acknowledge the same before a justice of the peace, or other officer, as is required in the execution of deeds by private individuals.
■ This objection is not wTell taken. There is no statute requiring state officers to acknowledge deeds and other like instruments by them executed, in the performance of their official duties. And no good reason can be given, why a state officer should go before a justice of the peace or notary public, and make an acknowledgment to the effect that he has-performed his official duties voluntarily. The uniform course of business has been for the board of public works to execute such leases without acknowledgment, and we think such course is fully warranted by law.
The plaintiff in error cites, and relies upon, the case of Atkinson v. Dailey, 2 Ohio, 213, to show that the lease of 1887 was invalid for want of an acknowledgment.
The lease in question in that case was made bjr the trustees of an original surveyed township.
*667 The act authorizing the trustees to make the lease, required that the lease should be recorded by the county recorder, and, as under the act of February 24, 1820, such lease was not entitled to record unless acknowledged, the court held that to make such lease valid it must be acknowledged by the trustees before a justice of the peace, or other officer.
While the statute, which authorized the trustees of an original surveyed township to make leases, required such leases to be recorded in the office of the county recorder, the statute authorizing the board of public works to make leases does not require such leases to be recorded in the county recorder’s office, but requires them to be recorded in the office of the board of public works.
It is, therefore, plain that the statutory provisions and considerations which induced the decision in Atkinson v. Dailey, cannot be made applicable to this case.
The other three alleged errors are not well taken, and are so well settled against the plaintiff in error by other cases, as not to require any report here. The judgment of the circuit court is therefore
. Affirmed.